**FILED**
**Oct 01, 2024**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | |
|---|---|
| **JULIE LAWSON,** ) | **Docket No. 2024-60-0333** |
| ) | |
| **Employee,** ) | |
| ) | |
| **v.** ) | |
| **COSTAR GROUP, INC., COSTAR** ) | **State File No. 26221-2023** |
| **REALTY INFORMATION, INC.** ) | |
| **Employer,** ) | |
| ) | |
| **BERKLEY NATIONAL INS. CO.,** ) | **Judge Joshua Davis Baker** |
| **Carrier.** | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

On September 17, the Court heard CoStar's Motion for Summary Judgment. CoStar argued Ms. Lawson's evidence is insufficient to establish an essential element of her mental-injury claim and summary judgment is appropriate. For the reasons below, the Court grants summary judgment to CoStar and dismisses this claim with prejudice. [1]

### Claim History

Ms. Lawson has pre-existing post-traumatic stress disorder and alleged the circumstances of a work evaluation on February 28, 2023, exacerbated her mental condition. CoStar filed a statement of undisputed material facts to which Ms. Lawson responded. The following facts are not disputed:

During a meeting that morning, a colleague inadvertently used the word "kidnapped." Although the word was not directed to or about Ms. Lawson, it reminded her of a past traumatic event from 2002.

---

[1] This decision renders Ms. Lawson's "Objection and Motion to Compel Employer to Produce Audio" and "Open Letter to the Court" moot.

A couple of hours later, Ms. Lawson received her annual evaluation results from two male supervisors, Colton Frame and Michael Upchurch, who met with her to discuss them.

However, Mr. Frame and Mr. Upchurch had permitted another supervisor, Fred Bidel, to write the evaluation, even though Mr. Bidel was under a Human Resources investigation for his alleged misconduct toward Ms. Lawson during the timeframe covered by her evaluation.

While Ms. Lawson agreed with the above statements of undisputed material facts, she responded that several other statements were wrong, inaccurate, or incomplete. She offered the following response, from her previously filed affidavit, as an accurate accounting of what caused her injury:

"(1) Mr. Bidel authoring the evaluation while actively under investigation for his conduct toward me; (2) Mr. Bidel evaluating my Performance for the same timeframe covered by the investigation; (3) the evaluation having control over me, my salary, and my professional career; and (4) Mr. Frame and Mr. Upchurch delivering the evaluation to me with full knowledge of these facts and my preexisting condition. This tribal behavior by three males in positions of authority at my expense included the utter disregard for Mr. Bidel's questionable conduct and the impact their actions would have on me. They did not physically harm me, but they did collectively abuse their roles of authority over me, constituting an unusual occurrence in contrast to my day-to-day work at CoStar. Its impact on me was likewise extraordinary in comparison to what another Business Analyst receiving his or her annual evaluation would experience, causing me to seek a higher level of care. When joined with my preexisting mental condition, the "evaluation-during-investigation" incident produced a compensable mental injury under the WC Law. Therefore, my claim for suffering an exacerbation of my mental health condition has merit."[14]

She further explained in her affidavit that "[w]hat Mr. Frame, Mr. Upchurch, and Mr. Bidel did, in essence, overwhelmingly recreated parts of a personal traumatic event from 2002 that had been brought to mind that very morning when a colleague randomly used the word 'kidnapped' in a team meeting."

**Law and Analysis**

Before addressing the motion's merits, the Court first considers this claim's procedural posture and CoStar's compliance with applicable rules.

The Court should not entertain a motion for summary judgment until a scheduling order is entered. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b) (December 2023). Here, a

scheduling order was entered and later suspended. However, the scheduling order's suspension did not impede discovery or otherwise affect Ms. Lawson's ability to respond to summary judgment.

Additionally, CoStar allowed sufficient response time and sent Ms. Lawson a copy of applicable rules, complying with both Tennessee Rule of Civil Procedure 56.04 and Rules 0800-02-21-.18(1)(a) and (c) of the Tennessee Compilation Rules and Regulations. Therefore, this claim is procedurally ripe for summary judgment.

Turning to the merits, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

To prevail, CoStar must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Lawson's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2024); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

When viewing the material facts in a light favorable to Ms. Lawson, the Court finds that CoStar has demonstrated her evidence is insufficient to establish an essential element of her claim: that the work event resulted in a stimulus that would constitute a viable claim for a mental injury.

Under Workers' Compensation Law, a mental injury that is not accompanied by a physical injury must arise primarily out of "an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities." Tenn. Code Ann. § 50-6-102(15).

Tennessee courts apply a two-part test to determine if an injury caused by mental or emotional stimulus is compensable. First, the injury must stem from "an identifiable stressful, work-related event producing a sudden mental stimulus such as fright, shock, or excessive unexpected anxiety." Second, "the event must be extraordinary in comparison to the stress ordinarily experienced by an employee in the same type of duty." *Edwards v. Fred's Pharmacy*, 2018 TN Work. Comp. App. Bd. LEXIS 9, at *7 (Feb. 14, 2018).

The parties do not dispute the material facts—only how the law applies to them. Ms. Lawson argues an identifiable work event (the "evaluation-during-investigation") resulted in a sudden or unusual stimulus *for her*. Her analysis requires using a subjective standard that incorporates her pre-existing mental or psychological condition to explain how the

stressful work event produced a sudden and unusual stimulus for her when it would not have for someone else.

That subjective standard "is not the law in Tennessee." *Ireton v. Horizon Mental Health Mgmt., LLC*, No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3, at \*28 (Tenn. Workers' Comp. Panel Jan. 19, 2016). Rather, "our Supreme Court has mandated the application of an objective test for this determination." An "objective standard is required . . . even [when] medical experts have opined that the Employee suffered PTSD stemming out of the particular event or stress." *Id.* at \*28-29.

Notably, applying an objective standard "is not inconsistent with the principle under Tennessee law that an employer takes an employee as it finds him[,]" for the following reason:

> [I]t is only after the court first determines that an event or stress was abnormal, extraordinary, or unusual under the objective standard that the court then applies the principle that the employer takes the employee as it finds him to the determination of whether the abnormal, extraordinary, or unusual event or stress was, in fact, the medical/psychological cause of the employee's injuries."

*Id.* at \*30-31.

This "objective standard . . . is consistent with the Court's recognition that the workers' compensation system does not embrace every stress or strain of daily living or every undesirable experience encountered" during employment. *Id.* (citations omitted).

So, CoStar has shown that although Ms. Lawson has identified a work event, her claim is missing an essential element: "a sudden or unusual stimulus" under an objective standard that "shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities." Tenn. Code Ann. § 50-6-102(15).

Ms. Lawson has not responded with facts to show the circumstances of her evaluation would have produced a sudden or unusual stimulus such as fright, shock, or excessive unexpected anxiety in another employee.

Certainly, permitting a supervisor who is under investigation for his conduct toward his supervisee to write her evaluation could produce unpleasant emotions like anger, powerlessness, or feelings of subjugation. But those feelings are not uncommon or unexpected in a workplace where supervisors must wield and exert authority even if the results seem unfair. Ms. Lawson acknowledged her physical safety was not harmed or threatened. Instead, the threat of harm and loss was to her employment and employment opportunities.

Statutory law and caselaw direct that a mental injury does "not include a psychological or psychiatric response due to the loss of employment or employment opportunities." *Id.* at subsection 102(15). A "concern over employment terms and conditions occurs in all types of occupations and is an inevitable concomitant of any contract of employment." *Cigna Property & Cas. Ins. Co. v. Sneed*, 772 S.W.2d at 424 (Tenn. 1989). As the Tennessee Supreme Court wrote:

> If the employee in this case under these facts was entitled to recover benefits, then any employee who becomes anxious or depressed over an adverse employment decision or action, such as the possibility of losing a job; a poor evaluation; a transfer; a demotion; a layoff; and the like, would be able to recover benefits. Hence the rule that generalized fear or worry regarding job performance or job security does not rise to the level of a compensable injury.

*Goodloe v. State*, 36 S.W.3d 62, 67 (Tenn. 2001)

CoStar has met its burden to show that Ms. Lawson is missing an essential element of her claim: an event that would produce a sudden and unusual stimulus for an ordinary employee and that does not involve the threat of harm or loss to employment or employment opportunities. Because Ms. Lawson did not respond with facts showing a genuine issue for trial under Tennessee Rule of Civil Procedure 56.06, the Court finds summary judgment is appropriate and CoStar is entitled to summary judgment as a matter of law.

**IT IS ORDERED** as follows:

1. Ms. Lawson's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Absent an appeal of this order, it shall become final thirty days after issuance.

3. The filing fee of $150.00 is taxed to CoStar under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. CoStar shall prepare and file the SD-2 with the Clerk within ten days of this order becoming final.

**IT IS ORDERED.**

**ENTERED October \_1\_, 2024.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October \_1\_, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Julie Lawson, Employee | | | X | julie.lawson0207@gmail.com |
| Allen Callison, Employer's Attorney | | | X | allen.callison@mgclaw.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*